IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KEVIS VAN NESS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | Case No. 4:23-cv-00129-CDL-MSH |
| | : | |
| BYRON HARBERT,[1] | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Pending before the Court is Defendant's motion to set aside default, which was filed on February 26, 2024 (ECF No. 25). Plaintiff also filed a motion for default judgment (ECF No. 26). For the reasons which follow, Defendant's motion is granted, and Plaintiff's motion is denied.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant "who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014). As a result, a motion made under Rule 55(c) seeking to set aside default is appropriate even if there is no formal entry of default. *Id.* A court may set aside an entry of default for "good cause[.]" Fed. R.

---

[1] As Defendant notes in his untimely answer, he was incorrectly referred to as "Lt. Howard" in the Complaint (ECF No. 23, at 1 n.1). The Clerk has already corrected the docket to reflect the correct spelling of Defendant Byron Harbert's name.

Civ. P. 55(c). "Good cause" is a

> mutable standard, varying from situation to situation, but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. Courts should not find that good cause exists if the defaulting party demonstrates an intentional or willful disregard of the judicial proceedings. In light of the Eleventh Circuit's strong policy of determining cases on their merits, however, default judgments are generally disfavored.

*Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 2492281, at *2 (M.D. Ga. June 13, 2019) (internal quotation marks and citations omitted).

Here, Defendant was personally served with process by the United States Marshals Service on January 19, 2024 (ECF No. 20).[2] Thus, Defendant was required to file his answer within twenty-one days, which fell on February 9, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i). According to defense counsel, following personal service, Defendant forwarded the summons to the City Attorney for handling the same day he was served. Def.'s Mot. to Set Aside 5, ECF No. 25-1; Harbert Aff. ¶ 6, ECF No. 25-3. That same day, defense counsel received an email with Defendant's lawsuit and summons, but defense counsel traveled to Albany, Georgia, and as a result, defense counsel "somehow missed" the January 19 email. Shalishali Aff. ¶¶ 3-4, ECF No. 25-2. It was not until February 16,

---

[2] Technically, the process receipt and return shows Defendant was served on January 19, 2023. Summons, ECF No. 20-1. However, the proof of service, prepared under penalty of perjury by the Deputy United States Marshal ("DUSM"), shows that Defendant was served on January 19, 2024. Summons, ECF No. 20. Additionally, this civil action was not received by the Court until July 10, 2023. Compl., ECF No. 1. Finally, the remarks section of the process receipt and return shows the DUSM's first attempt at service on Defendant was not until November 15, 2023, and the second, successful attempt was on January 19, 2024. Summons, ECF No. 20-1

2024, when Defendant followed up with the City Attorney's Office, which in turn followed up with defense counsel, that defense counsel realized he missed the January 19 email. *Id.* ¶ 3. Defense counsel then immediately contacted Defendant and filed the untimely answer that same day. *Id.* ¶ 5.

In his response to Defendant's motion to set aside default, Plaintiff argues that "more than enough time was specified in the summons" and recounts the date on which Defendant was served. Pl.'s Resp. to Mot. to Set Aside 1, ECF No. 27. Plaintiff also asserts that Defendant's "failure to comply with the rules set by this court . . . will demonstrate the lack of prejudice against" Plaintiff. *Id.* Plaintiff also submits a summary of the relevant allegations "made against Defendant's memorandum" which appears to be about an alleged defamation committed by Defendant. Summ. of Allegations 1, ECF No. 27-1; Signed Copy of Resp. 2, ECF No. 27-3. Plaintiff makes essentially the same arguments and assertions in his motion for default judgment and attachments as he does in his response to Defendant's motion, and he requests damages and costs. Pl.'s Mot. for Default J., ECF No. 26.

The Court finds Defendant has shown good cause for setting aside the entry of default against him. It is apparent Defendant's failure to timely answer was not willful, and his current counsel moved quickly to set aside the default. There also does not appear to be any prejudice that would result from setting aside the default against Defendant—and Plaintiff agrees no prejudice can be demonstrated. Finally, Defendant presents the defense of qualified immunity. Def.'s Mot. to Set Aside 6-8.

Therefore, Defendant's motion to set aside default (ECF No. 25) is **GRANTED**. Defendant is **ORDERED** and **DIRECTED** to file an answer or other responsive pleading **WITHIN FOURTEEN (14) DAYS** of the date of this Order.

Accordingly, it is also **ORDERED** that Plaintiff's motion for default judgment (ECF No. 26) is **DENIED**. Defendant has shown good cause for setting aside the default against him.

**SO ORDERED AND DIRECTED**, this 26th day of April, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE